**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

| | |
|---|---|
| THE DIRECT LINEAL DESCENDANTS OF ROSIE JACK AND WAGON JACK; MARION GAYLE nee SANDERS MILES; NANCY LAURA nee SANDERS STEWART; JODY FAYE WHITE; JODY FAYE WHITE, or the Estate of JESSE WAYNE WHITE; and WILLIAM EDWARD WHITE,<br><br>        Plaintiffs,<br><br>vs.<br><br>THE SECRETARY OF THE INTERIOR, through its Acting Assistant Secretary, BUREAU OF INDIAN AFFAIRS, its officers, servants, agents, employees, representatives, and attorneys,<br><br>        Defendants. | 3:13-cv-00657-RCJ-WGC<br><br>**ORDER** |

      In this case, five plaintiffs seek judicial review of a denial of their applications for inclusion on the Western Shoshone Judgment Roll. On June 6, 2014, this Court entered an order (ECF No. 20) approving a stipulation (ECF No. 12), filed on April 9, 2014, for remand to the Secretary of the Interior and entry of final judgment under the APA. On April 17, 2014, prior to the entry of the June 6 order, the Secretary moved to withdraw the then-pending stipulation, arguing that "the directive to add the five plaintiffs to the Western Shoshone Judgment roll cannot be supported by the existing analysis of the current [Administrative Record] and is thus not in accordance with the Western Shoshone Claims Distribution Act." (Mot. Withdraw, ECF No. 13, at 4).

      Following the Court's entry of the order approving the June 6 stipulation, plaintiffs filed the pending motion for attorney fees and expenses (ECF No. 21), based on the Court's entry of "final judgment." The same day, defendants filed the pending Rule 60(b)(1) motion to vacate the

June 6 order, arguing that the "stipulation previously submitted . . . does not represent the final and complete position of the Secretary in this action" and that "[t]he secretary's motion to withdraw the stipulation was filed only eight days after the stipulation was submitted." (ECF No. 22). Defendants further note that the Court approved the stipulation "without any reference to the [then-pending] motion to withdraw." (*Id.* at 4). Defendants also filed the pending, unopposed motion to defer briefing on plaintiffs' motion for fees and costs. (ECF No. 24).

Plaintiffs' response to the motion to vacate includes only the following statement: "Plaintiffs are confident that the Court is fully cognizant of the matters on its docket and, therefore, rest upon their prior pleadings." (Response, ECF No. 23, at 1).

Local Rule 7-2 provides that the "failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." Here, plaintiffs have failed to file points and authorities in their "response" to the motion to vacate. (*See* ECF No. 23, at 1). It is not the Court's duty to infer or manufacture a substantive response from clues hidden in plaintiffs' "prior pleadings." The familiar refrain is worth repeating: "judges are not like pigs, hunting for truffles buried in briefs." *Guatay Christian Fellowship v. Cnty. of San Diego*, 670 F.3d 957, 987 (9th Cir. 2011). "Nor are they archaeologists searching for treasure." *Jones v. Las Vegas Valley Water Dist*., No. 2:10-CV-1941-JAD-PAL, 2014 WL 1248233, at *6 (D. Nev. Mar. 26, 2014). Plaintiffs effectively consented to the granting of defendants' viable motion to vacate (ECF No. 22), and it is therefore granted. Accordingly, the motion for attorney fees (ECF No. 21) is denied, without prejudice, as premature, and the motion to defer briefing (ECF No. 24) is denied as moot.

///
///
///
///
///

**CONCLUSION**

IT IS HEREBY ORDERED that the motion to vacate (ECF No. 22) is GRANTED.

IT IS FURTHER ORDERED that the motion for attorney fees (ECF No. 21) is DENIED without prejudice.

IT IS FURTHER ORDERED that the motion to defer briefing (ECF No. 24) is DENIED as moot.

IT IS SO ORDERED.

Dated: July 23, 2014

_____
ROBERT C. JONES
United States District Judge