**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| THE DIRECT LINEAL DESCENDANTS OF ROSIE JACK AND WAGON JACK; MARION GAYLE nee SANDERS MILES; NANCY LAURA nee SANDERS STEWART; JODY FAY WHITE; JODY FAY WHITE, or the Estate of JESSE WAYNE WHITE; and WILLIAM EDWARD RIGHT | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | 3:13-cv-00657-RCJ-WGC |
| vs. | ) ) ) | **ORDER** |
| THE SECRETARY OF THE INTERIOR, through its Acting Assistant Secretary, BUREAU OF INDIAN AFFIARS, its officers, servants, agents, employees, representatives, and attorneys, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

In this case, five plaintiffs seek judicial review of a denial of their applications for inclusion on the Western Shoshone Judgment Roll. Plaintiffs' Motion for Reconsideration (ECF No. 30) and Defendants' Motion for Remand (ECF No. 31) are pending before the Court.

## I.     BACKGROUND

On April 9, 2014, the parties filed a stipulation agreeing that the case should be remanded to the Secretary of the Interior with instructions that "each of the applicants shall be added to and included on the Western Shoshone Judgment roll." (Stipulation 2, ECF No. 12). A few days

later, Defendants filed a motion to withdraw that stipulation. (ECF No. 13).  On June 6, 2014, this Court entered its order accepting the stipulation of the parties and remanding the case to the Secretary of the Interior. (ECF No. 20).  Defendants immediately moved to vacate that order and reiterated that they sought a withdrawal of the April 9th stipulation. (Defs.' Mot. to Vacate 4–5, ECF No. 22).  Plaintiffs responded to Defendants' motion by simply stating that "the Court is fully cognizant of the matters on its docket" and that Plaintiffs rested "upon their prior pleadings." (Pls.' Resp. Mot. to Vacate 1, ECF No. 22).  This Court granted Defendants' motion, noting that "[i]t is not the Court's duty to infer or manufacture a substantive response from clues hidden in plaintiffs' 'prior pleadings.'" (July 23, 2014 Order 2, ECF No. 29).

Plaintiffs now move the Court to reconsider the decision to vacate its order on the stipulation.  Defendants argue that the order to vacate the stipulation should stand, (Defs.' Response to Mot. Recons. 8, ECF No. 33), and request that the Court instead remand the case to the Secretary of the Interior to further develop the administrative record, (Defs.' Mot. to Voluntarily Remand 7, ECF No. 31).

## II.    DISCUSSION

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003).  Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  "A motion for reconsideration is not an avenue to re-litigate the same issues and

arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).

Plaintiffs assert that they did not provide a substantive response to Defendants' motion to vacate because "the Plaintiffs fully agreed with the Court's entry of the Stipulated Order." (Pls.' Mot. Recons. 1, ECF No. 30).  They believed "no further briefing was appropriate" since "the issue of whether or not a Stipulation could simply be withdrawn without notice or explanation" had already been addressed in its previous response to Defendants' motion to withdraw the stipulation. (*Id.*).  The confusion is understandable.  It is a well-established principle that once a stipulation is signed and submitted to the court, it acts as a binding contract between the parties. *See Muller v. Dows*, 94 U.S. 277, 278 (1876) (stating that a stipulation between counsel cannot be withdrawn by one party without consent of the other, except by leave of the court); *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989) (stating that a stipulation amounts to an agreement to settle a legal dispute and is governed by contract law).  A court generally allows a stipulation to be withdrawn only if the moving party demonstrates "good cause," *Muller*, 94 U.S. at 278, "mistake of fact," *see United States v. Camp*, 723 F.2d 741, 745 (9th Cir. 1984), or "manifest injustice," *see Bail Bonds by Marvin Nelson, Inc. v. C.I.R.*, 820 F.2d 1543, 1547 (9th Cir. 1987).

The reason provided by Defendants to justify their withdrawal was that the stipulation did "not represent the complete and final position of the Secretary in this action" and that "the directive to add the five plaintiffs to the Western Shoshone Judgment roll [could not] be supported by the existing analysis of the current AR . . . ." (Defs.' Mot. to Withdraw 3–4).  While Defendants argued that adding Plaintiffs to the roll would not be in accordance with the governing Act, they completely failed to explain why the deficiency in the administrative record was not evaluated prior to the signing and filing of the stipulation.  Indeed, Defendants failed to

1   show any of the three reasons warranting withdrawal.  If the Court had approved a withdrawal of

2   the parties' stipulation under these conditions, it would have been tantamount to allowing

3   Defendants to claim that they had their collective "fingers crossed" when counsel signed the

4   stipulation.

5            The Court's original order on the stipulation effectively denied Defendants' motion to

6   withdraw without actually ruling on it, and the stipulation was in place when Defendants moved

7   the Court to vacate the order.  Nevertheless, they argued that the Court's acceptance of the

8   stipulation must have been a mistake since the motion to withdraw was still pending. (Defs.'

9   Mot. to Vacate 4).  In opposition to the motion to vacate, Plaintiffs submitted their brief response

10  that was certainly lacking in substance. (*See* Pls.' Resp. to Mot. to Vacate 1).  For this reason, the

11  Court initially granted Defendants' motion to vacate since it found that Plaintiffs failed to

12  properly respond to the motion as required by LR 7-2(d).  However, the Court now finds that

13  granting the motion was in error because the arguments referenced by Plaintiffs in their response,

14  which are clearly part of the record, address the heart of what Defendants sought to accomplish

15  with the motion to vacate—withdrawal of the stipulation. (*See* Pls.' Opp'n Mot. to Withdraw

16  9–10, ECF No. 16-2).  Since the Court finds that Defendants have not demonstrated good cause

17  for withdrawal in this case, there is no reason why the stipulation should not be binding.

18            Therefore, Plaintiffs' motion is GRANTED.

19  ///

20  ///

21  ///

22  ///

23  ///

24

**CONCLUSION**

IT IS HEREBY ORDERED that Plaintiffs' Motion to Reconsider (ECF No. 30) is GRANTED.

IT IS FURTHER ORDERED that the vacated Order on the Stipulation (ECF No. 20) is reinstated.

IT IS FURTHER ORDERED that Defendants' Motion to Voluntarily Remand the Matter to the Secretary of the Interior (ECF No. 31) is DENIED as moot.

IT IS SO ORDERED.


Dated:  October 24, 2014

_____
ROBERT C. JONES
United States District Judge