**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| THE DIRECT LINEAL DECENDANTS OF ROSIE JACK AND WAGON JACK, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br><br> THE SECRETARY OF THE INTERIOR, *et al.*, <br><br> Defendants. | 3:13-cv-657-RCJ-WGC <br><br> **ORDER** |

This case arises from Plaintiffs' attempt to be placed on the Judgment Roll of Western Shoshone Indians. Currently before the Court is Plaintiffs' Motion for Attorney's Fees (ECF No. 37) pursuant to the Equal Access to Justice Act ("EAJA" or "the Act"). For the reasons contained herein, the motion is DENIED without prejudice.

**I.   PROCEDURAL HISTORY AND FACTS**

The parties are well acquainted with the facts of this case. Marion Gayle nee Sanders Miles ("Miles"), Nancy Laura nee Sanders Stewart ("Stewart"), Jody Faye White ("Jody White"), the Estate of Jesse Wayne White ("Jesse White"), and William Edward White ("William White") each sought to be included on the Judgment Roll of Western Shoshone Indians. The Secretary of the Interior denied their request because Plaintiffs were found to possess less than 25% Western Shoshone blood. Plaintiffs filed this action alleging a deprival of due process, a denial of equal protection under the law, and a violation of the Administrative

1

Procedure Act. (Compl. 6–10, ECF No. 1). Plaintiffs initially sought a preliminary injunction to prevent the Secretary of the Interior from issuing a finding that they each were less than 25% Western Shoshone. Prior to the Court ruling on the preliminary injunction motion, the parties submitted a stipulation signed by counsel and accompanied by a proposed order that the case be remanded back to the agency with an instruction that the five individual Plaintiffs be added to the Judgment Roll. (Stipulation, ECF No. 12). Specifically, the stipulation stated that "[t]he Secretary and the applicants agree and stipulate that, as to each of the five applicants, the applications for inclusion on the Western Shoshone Judgment Roll may be remanded to the Secretary of the Interior with directions that each of the applicants shall be added to and included on the Western Shoshone Judgment [R]ole . . . ." (*Id.* ¶ 4). About a week later, Defendants filed a motion to withdraw the stipulation stating that the "remand and associated directive described in the stipulation does not represent the complete and final position of the Secretary in this action." (Mot. to Withdraw 3, ECF No. 13). The Secretary's explanation of why the Court should grant the withdrawal was that "the directive to add the five plaintiffs to the Western Shoshone Judgment [R]oll [could not] be supported by the existing analysis of the current AR and [would not] thus be in accordance with the Western Shoshone Claims Distribution Action." (*Id.* at 3–4). Absent from Defendants' motion to withdraw was an explanation of why the adequacy of the administrative record was not evaluated before counsel agreed to the stipulation.

While the motion to withdraw was pending, the Court accepted the stipulation, (ECF No. 20), which essentially mooted Defendants' motion to withdraw. Defendants immediately filed a motion to vacate the Court's order on the stipulation, reasserting the arguments made in their motion to withdraw the stipulation. (*See* ECF No. 22). Plaintiffs' response to the motion to vacate rested on the arguments that Plaintiffs previously asserted in opposition to Defendants'

motion to withdraw. (*See* ECF No. 23).  The Court initially found that simply resting on previous pleadings was insufficient to counter Defendants' motion to vacate because the Court was not interested in "hunting for truffles buried in briefs," and it ruled in Defendants' favor. (July 23, 2014 Order 2, ECF No. 29).  Plaintiffs responded to the Court's ruling to vacate the order on the stipulation by filing a motion to reconsider, which contained arguments as to why the Court should not allow Defendants to unilaterally withdraw the stipulation that had been originally presented in Plaintiffs' opposition to Defendants' motion to withdraw.  Upon a review of those arguments regarding the contractual nature of a stipulation, and finding that Defendants failed to demonstrate circumstances justifying a withdrawal of the stipulation, the Court granted Plaintiffs' motion to reconsider.  The Court also reinstated its original order accepting the stipulation of the parties that the case be remanded to the Secretary of the Interior with the instruction that the individual Plaintiffs be added to the Western Shoshone Judgment Role.

Plaintiffs now request that the Court award them the fees and costs incurred during the litigation of this action pursuant to the EAJA.  Plaintiffs seek $50,312.50 in attorney's fees and an additional $585.78 in filing fees and expenses for a total amount of $50,898.28.  Defendants argue that Plaintiffs are not entitled to fees because they each fail to show that they are "a party" under the EAJA.  Alternatively, Defendants argue that the amount of fees that Plaintiffs seek is excessive and beyond what statute allows.

**II.   DISCUSSION**

The EAJA states that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that

special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).  Accordingly, in order for Plaintiffs to recover fees under the Act, the Court must determine (1) whether they each qualify as a "party" as defined by the Act, (2) whether they are the "prevailing party" in this action, and (3) whether Defendants' position was substantially justified. *See Citizens for Better Forestry v. U.S. Dep't of Agric.*, 567 F.3d 1128, 1131 (9th Cir. 2009); *Thomas v. Peterson*, 841 F.2d 332, 335 (9th Cir. 1988); *United States v. Guess*, 390 F. Supp. 2d 979, 984 (S.D. Cal. 2005).

Under the EAJA, a "party" is "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed." 28 U.S.C. § 2412(d)(2)(B).  "The party seeking fees has the burden of establishing its eligibility" under the Act. *Love v. Reilly*, 924 F.2d 1492, 1494 (9th Cir. 1991).  The standard of proof required to show eligibility is not articulated in the statute. *U.S. v. 88.88 Acres of Land*, 907 F.2d 106, 108 (9th Cir. 1990).  However, the Ninth Circuit has held that "some informality of proof is appropriate, and the decision of the district court on the point is to be reviewed under the abuse of discretion standard." *Id.*  Some courts have accepted a plaintiff's affidavit as sufficient evidence of net worth. *See United States v. Heavrin*, 330 F.3d 723, 732 (6th Cir. 2003) (holding that a plaintiff's bare assertions that his or her net worth falls under two million dollars will generally be insufficient to show eligibility, but rather "the movant should at least proffer an affidavit showing that the statutory criteria has been met").  Yet even informal proof must include some financial information whereby the court may determine whether the plaintiff's net worth actually falls below the threshold amount. *See 88.88 Acres of Land*, 907 F.2d at 108 (reviewing plaintiff's financial statements to verify that his net worth was less than $2,000,000).

In this case, there is simply insufficient information provided by Plaintiffs to allow the Court to determine whether they each qualify as a "party" under the EAJA.  The Court is

presented with affidavits that include only conclusory statements that the net worth of each Plaintiff does not exceed $2,000,000.  Miles, Stewart, and William White attest on their own behalves that when this case was filed in 2013, they each had a net worth of less than $2,000,000. (ECF Nos. 37-1, 40-1, 40-3).  The Estates of Jesse White and of Jody White, who passed away during the pendency of this litigation, are represented by Elizabeth Ann White, the administrator of the estates.  Elizabeth White attests that the Estate of Jesse White had a net worth of less than $2,000,000 when this case was filed, and she attests that Jody White's net worth was below that amount as well. (ECF No. 40-2).  The Court finds that these statements, although included in affidavits, are simply insufficient to determine whether Plaintiffs in this case meet the statutory criteria. *Heavrin*, 330 F.3d at 732.  These affidavits include no information from which the Court can verify that, indeed, at the time this lawsuit was filed, each individual Plaintiff's net worth was less than $2,000,000.

Therefore, the Court at this time DENIES Plaintiffs' motion for fees and costs because it finds that Plaintiffs fail to establish that they are qualified applicants under the EAJA.  However, the Court invites Plaintiffs to refile their motion accompanied by affidavits that include some financial information that would allow the Court to make a ruling that the net worth of each Plaintiff was below $2,000,000 at the time the lawsuit was filed.  The Court does not expect Plaintiffs to provide detailed financial statements prepared by accountants, but the Court finds that there must be something more provided in Plaintiffs' affidavits that would allow a review and ruling as to Plaintiffs' financial position at the time of filing beyond the conclusory statements that have been offered here. *See Broaddus v. U.S. Army Corps of Eng'rs*, 380 F.3d 162, 169 (4th Cir. 2004) (agreeing with the Ninth Circuit's approach in *88.88 Acres of Land* and holding that an affidavit may suffice as proof of net worth if it includes documentation of the

applicant's liabilities and assets).  If Plaintiffs were able to attest to the value of their assets against their outstanding liabilities at the time of filing, then that would likely give the Court the information necessary to determine whether the statutory criteria has been met. *See Am. Pac. Concrete Pipe Co. v. NLRB*, 788 F.2d 586, 590 (9th Cir. 1986) (recognizing that net worth is calculated by subtracting total liabilities from total assets).

## CONCLUSION

IT IS HEREBY ORDERED that Plaintiffs' Motion for Attorney's Fees and Costs is DENIED without prejudice.

IT IS SO ORDERED.

Dated:  January 9, 2015

_____
ROBERT C. JONES
United States District Judge